**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gilbert STEWART, Defendant–Appellant.**

No. 94–5183.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 4, 1994.

Decided March 10, 1995.

**ARGUED:** Donna M. D'Alessio, Asst. Federal Public Defender, Baltimore, MD, for appellant. Ira Lee Oring, Asst. U.S. Atty., Baltimore, MD, for appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, MD, for appellant. Lynne A. Battaglia, U.S. Atty., Jamie M. Bennett, Asst. U.S. Atty., Baltimore, MD, for appellee.

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

Vacated and remanded by published opinion. Judge MURNAGHAN wrote the majority opinion, in which Judge MOTZ joined. Judge NIEMEYER wrote a dissenting opinion.

**OPINION**

MURNAGHAN, Circuit Judge:

Gilbert Stewart pled guilty to a charge of possessing in December of 1992 a firearm in

violation of 18 U.S.C. § 922(g), having earlier been convicted in January of 1983 in Maryland state court of a felony (armed robbery). He was sentenced to imprisonment for 30 months. In calculating the appropriate sentencing range under the United States Sentencing Guidelines, the United States District Court for the District of Maryland added two criminal history points under U.S.S.G. § 4A1.1(e) (providing for an additional two points for Stewart's having committed an offense within two years of release from prison). The district court added the points because Stewart had been detained in prison for a 24–day period during May and June 1992 pending a hearing on a warrant charging him with violations in connection with the parole given him under the 1983 state sentence. The two points increased Stewart's criminal history category from II to III, effecting at least a three-month longer sentence.[1] In the instant appeal from that decision, Stewart contends that the district court erred in enhancing his criminal history category because the 24–day detention awaiting hearing did not constitute "imprisonment on a sentence" as required by U.S.S.G. § 4A1.1(e). We vacate the sentence and remand for resentencing.

On January 21, 1983, Gilbert Stewart was sentenced to serve nine years in prison for various state convictions including two separate armed robberies, a handgun violation, and a drug violation. The nine-year sentence commenced from the date of his arrest on July 13, 1982, and was scheduled to expire on July 13, 1991. After serving five years imprisonment, however, Stewart was paroled by the Maryland Parole Commission in July 1987 for the remaining four years of his sentence. Eight months after his parole commenced, Stewart was arrested for burglary and trespass. Because of these arrests, a warrant was issued in May 1988 charging Stewart with violating the conditions of parole on his 1983 sentence. The warrant, however, was not served until May 29, 1992, four years after the alleged parole violations and almost a year after the expiration of his parole period. When the warrant was finally served, Stewart was held in detention for 24 days until the parole revocation hearing took place on June 22, 1992. At the hearing, the Parole Commission found Stewart guilty of parole violations, but decided not to revoke his parole or to reimpose a sentence. Accordingly, Stewart was released from detention on June 22, 1992.

The issue presented in the instant case is whether Stewart's 24–day detention while awaiting his parole violation hearing amounted to an "imprisonment on a sentence" within the meaning of U.S.S.G. § 4A1.1(e) where parole was not revoked and where a sentence was not reimposed.

Section 4A1.1(e) of the United States Sentencing Guidelines provides that a sentencing court, in calculating a defendant's criminal history category, should

[a]dd 2 points if the defendant committed the instant offense less than two years after release from *imprisonment on a sentence counted under (a) or (b)* or while in imprisonment or escape status on such a sentence.

U.S.S.G. § 4A1.1(e) (emphasis added). Stewart can therefore be assessed two criminal history points under U.S.S.G. § 4A1.1(e) only if we reach one conclusion: that Stewart's 24–day pre-revocation hearing detention amounted to an extension or continuation of the original nine-year sentence of imprisonment imposed upon him by a Maryland court pursuant to his January 1983 state conviction.[2] Because there exists no basis for a

---

1. The district court found that the appropriate offense level for Stewart's crime is 17. With a criminal history category II, the Sentencing Guidelines would specify a range of sentence of 27 to 33 months. With a category III, the range would be 30 to 37 months.

2. That is so because of two reasons. First, Stewart's *24–day* detention did not, standing alone, count as imprisonment under subsections (a) or (b) of U.S.S.G. § 4A1.1 because subsection (a) refers to "prior sentence[s] of imprisonment exceeding one year and one month," while subsection (b) refers to "prior sentence[s] of imprisonment of at least sixty days not counted in (a)." Second, because Stewart was paroled in July 1987 after serving just five years of his nine-year state sentence, his five-year term of incarceration cannot, by itself, serve as a basis for criminal history point assessment under § 4A1.1(e) since his release from prison in 1987 occurred more than two years before he committed the offense for which sentencing is being determined in the

holding that a detention awaiting the commencement of a parole revocation hearing amounts to an extension of an original "imprisonment on a sentence" within the meaning of the Sentencing Guidelines, particularly when parole was not revoked and Stewart was not reincarcerated, we vacate the sentence imposed by the district court. We do so without having to reach the question of whether the State of Maryland violated Stewart's due process rights by delaying for four years the execution of the arrest warrant charging him with parole violation.

Under Maryland law, parole is a conditional release from imprisonment during which the paroled prisoner remains "in legal custody until the expiration of his full, undiminished term." Md.Ann.Code Art. 41, § 4–501(5). Moreover, Maryland law provides that if a condition of parole is violated, parole may be revoked, and the parolee may be required to serve the remainder of the sentence originally imposed unless a member of the State Parole Commission, in his discretion, grants credit for time between release on parole and revocation of parole. Md.Ann. Code Art. 41, § 4–511(d).

Those statutory provisions certainly stand for the proposition that, under Maryland law, a parolee is still subject to his original sentence of imprisonment during the period of parole, and that a parolee may be subject to reincarceration without credit for time spent on parole *upon revocation of parole*. However, it does not therefrom necessarily or logically follow that Stewart, *whose parole was not revoked and who was not reincarcerated following his hearing*, was serving a portion of the underlying sentence imposed on him in 1983 during his 24–day detention. Indeed, there is no Maryland case law supporting the proposition that *pre*-revocation

hearing detention amounts to a continuation of the parolee's original sentence where parole is ultimately not revoked and where the parolee is not reincarcerated upon a finding of guilt.[3] Thus, although Maryland law provides that a prisoner on parole is still serving his original sentence, it does not follow that under the federal Sentencing Guidelines, a prisoner returned from the community to prison for any reason relating to his conditions of parole is serving a continuation of his sentence.

Moreover, even if *Maryland* law draws no real distinction between a sentence of parole and a sentence of incarceration, the *federal* Guidelines themselves clearly distinguish the two for purposes of calculating criminal history categories under § 4A1.1(e). In particular, section 4A1.1(e) of the Guidelines encompasses, for purposes of criminal history calculation, only sentences "counted under" section 4A1.1(a) and section 4A1.1(b), and expressly excludes sentences "counted under" sections 4A1.1(c) and 4A1.1(d); sections 4A1.1(c) and (d) address, among other things, confinement sentences of less than sixty days, probation, *parole*, supervised release, fines, and residency in a halfway house. *See* U.S.S.G. § 4A1.1 Commentary and Background. The Guidelines' clearly differential treatment of sentences of imprisonment, which count for purposes of calculations under § 4A1.1(e), and sentences of parole, which do not count for the assessment of points under § 4A1.1(e), suggests that the Guidelines' understanding of the two types of punishment diverges significantly from Maryland law's understanding that sentence and parole are one and the same.

Furthermore, although the precise issue has not been addressed by the Fourth Cir-

---

instant case. Thus, Stewart could be assessed criminal history points under U.S.S.G. § 4A1.1(e) only if we deem the 24–day detention itself to have extended his original term of incarceration such that the two-year recency requirement of § 4A1.1(e) is met.

**3.** We have discussed Maryland law here only for the purpose of rebutting conclusions that the Maryland statutes control. Section 4A1.1(e)'s definition of a "sentence of imprisonment" does not in any way incorporate or refer to state definitions of "sentences of imprisonment." The

purpose of enacting the Sentencing Guidelines was to ensure some measure of uniformity in federal sentencing, *see Sentencing Guidelines Manual*, ch. 1; this goal would be severely undermined if, before assessing criminal history points under § 4A1.1(e), every federal court was bound to consider each relevant state's understanding of what constitutes "imprisonment." A federal court construing the federal Sentencing Guidelines need not turn to state law. Rather we should try to ascertain a sound interpretation of the Guidelines and its goals.

cuit, the provisions of the Guidelines, read together, strongly suggest that the district court's calculation of criminal history categories under § 4A1.1(e) is flawed. In particular, the Guidelines, for purposes of calculating a "sentence of imprisonment" under sections 4A1.1(a) or (b), contemplate the addition only of the time a defendant is imprisoned *upon* revocation of parole, and does not make any provision for adding time during which a defendant, who is not imprisoned after hearing, is only detained *pending* a revocation hearing. Specifically, section 4A1.2(k) provides:

> In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to *any term of imprisonment imposed upon revocation.* The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.

U.S.S.G. § 4A1.2(k)(1) (emphasis added). Such a provision of the Guidelines, while it may not be dispositive here, supports the conclusion that § 4A1.1(e) simply did not contemplate encompassing detentions *pending* revocation hearings which result in no revocation of parole or reincarceration.

Moreover, the district court's and the government's understanding of § 4A1.1(e) would lead to absurd results which could not have been intended by the Guidelines, and which in fact appear to be irreconcilable with other provisions of the Guidelines. Indeed, under the government's view, an individual who had been arrested on a parole violation warrant less than two years prior to the commission of an instant offense, but found not to have been in violation of his parole and released, would still be assessed criminal history points under U.S.S.G. § 4A1.1(e) merely because he had been detained at the same time that he was on parole and only so that a hearing might be held. Additionally, an individual who had been arrested on a violation warrant less than two years prior to the commission of an instant offense, subsequently found guilty at a revocation hearing, but continued on parole and released, would

be assessed criminal history points, even though his parole had not been revoked and no sentence had been imposed upon revocation. Those two results would run contrary to the express provisions of U.S.S.G. § 4A1.2(k), which explicitly calls for the assessment of criminal history points only for "terms of imprisonment imposed *upon revocation*" of parole. *See* U.S.S.G. § 4A1.2(k).

Additionally, the fact that Stewart was found guilty of violating certain parole conditions during the revocation hearing is irrelevant to the calculation of criminal history points under section 4A1.1(e) of the Sentencing Guidelines in light of the fact that Stewart's parole was not revoked and he was not reincarcerated upon his original term of imprisonment. Indeed, the calculation of criminal history categories under § 4A1.1 is expressly based *not* upon the number and recency of prior convictions of a defendant, but rather upon the length and recency of prior "sentences of imprisonment."[4] *See* U.S.S.G. §§ 4A1.1, 4A1.2; *see also* Application Note 2, U.S.S.G. § 4A1.2. The reason underlying the Guidelines' reliance on length of prior sentences rather than number of prior guilty adjudications in calculating criminal history is that rather than itself trying to gauge the seriousness of each of the various crimes a defendant has been held to have committed, the Guidelines use the length of a defendant's prior sentences as a "rough proxy" for the severity of his offenses. *See United States v. Latimer*, 991 F.2d 1509, 1512 (9th Cir.1993). Thus, we must look not to the Parole Commissioner's finding of Stewart's guilt in determining whether his pre-hearing detention was a "sentence of imprisonment," but rather to the fact that the Commission neither revoked his parole nor reincarcerated him upon a finding of guilt.

In addition, the reasons underlying the enactment of the Sentencing Guidelines clearly support the conclusion that we should not assess criminal history points against Stewart on the basis of his 24–day pre-hearing detention. As noted in *United States v. Latimer*, 991 F.2d 1509 (9th Cir.1993),[5] the

---

4. U.S.S.G. § 4A1.2(b)(1) defines "sentence of imprisonment" as a "sentence of incarceration."

5. In *Latimer*, the Ninth Circuit held that detention pending the outcome of a parole revocation

goals underlying the Sentencing Guidelines simply do not support the assessment of criminal history points for pre-hearing detentions:

> To characterize this period of detention as "incarceration" simply because the defendant was physically confined within the walls of a federal prison would subvert the purposes of the Guidelines. The reason the Guidelines focus on prior sentences of incarceration has nothing to do with the fact of incarceration *per se*, but rather with the reason behind the incarceration. The assumption is that crimes which result in incarceration are more serious than crimes which do not. And, thus, a defendant who had been incarcerated in the past is regarded as more culpable, and consequently more deserving of punishment, than one who has never been incarcerated.

991 F.2d at 1517. In holding that the pre-hearing detention could therefore not be counted in calculating the appellant's criminal history, the Ninth Circuit additionally noted:

> In the instant case, the time Latimer spent in custody at the federal prison was entirely administrative in nature. *Until Latimer's parole was formally revoked by the Parole Commission, the justification for Latimer's detention was not that he had violated his parole, but rather that he was* **suspected** *of violating his parole.* **This period of detention is thus analogous to pretrial custody.**

*Id.* (emphasis added). Indeed, the Ninth Circuit noted that counting pre-revocation custody as "incarceration" in order to enhance a defendant's sentence would lead to the "unthinkable" result of defendants having their sentences enhanced "even if it were later determined at their hearings that they had *not* violated parole." *Id.* (emphasis in original). As in *Latimer,* Stewart's incarceration in the instant case was administrative in nature, because he was held only *until* his parole revocation hearing and not beyond it. Indeed, Stewart's parole was not even re-

voked, and his incarceration ceased on the very day of his hearing. Thus, Stewart's detention was certainly not based on his *culpability,* and should not be relevant to the calculation of criminal history categories under the Guidelines.

In remanding the instant case for resentencing, we hold that section 4A1.1(e) of the United States Sentencing Guidelines does not contemplate the assessment of criminal history points on the basis of detentions of defendants who are awaiting parole revocation hearings, *when those revocation hearings do not result in reincarceration or revocation of parole.* Indeed, to allow such an assessment of criminal history points would be to allow Stewart to be penalized for something for which the state authorities themselves decided not to punish him. The Guidelines certainly could not have intended such a result.

Accordingly, the sentencing is vacated and remanded for resentencing on the basis indicated in this opinion.

*VACATED AND REMANDED.*

NIEMEYER, Circuit Judge, dissenting:

Because I believe that Stewart's 24–day detention in connection with a parole violation on an underlying nine-year sentence was "imprisonment on a sentence," as used in U.S.S.G. § 4A1.1(e), I would affirm the district court's enhancement of Stewart's sentence based on that section.

In July 1987 Stewart was paroled in connection with his nine-year 1983 state sentence. Shortly after his parole, he was arrested for burglary and, two days later, for trespassing. Both charges were placed on the "stet" docket in Baltimore City, a procedure by which the charges were allowed to remain dormant. Because of the arrests, the government issued a warrant charging Stewart with violating the terms of his parole granted in connection with the 1983 sentence by (1) having been arrested for two crimes while on parole, (2) not reporting for parole supervision, (3) not reporting his two arrests, and (4) having been terminated from a drug

---

determination does not constitute "incarceration" within the meaning of U.S.S.G. § 4A1.2(e)(1). Note that *Latimer* addresses a different provision of the Guidelines than the provi-

sion at issue in the instant case. The discussion in *Latimer,* however, is nevertheless important because it discusses the purposes underlying the Guidelines' calculation of criminal history points.

program to which he had been assigned. For an unexplained reason, that warrant was not served on Stewart for four years. When, in May 1992, the warrant was served, Stewart was detained 24 days pending a hearing.

At his parole violation hearing, Stewart was represented by counsel and offered no testimony in defense. The Maryland Parole Commission found Stewart "guilty" of three of four charges and decided "to close the case unsatisfactory," but not to impose further incarceration. As the reasons for its decision, the presiding Commissioner stated,

> I took into consideration the nature of Mr. Stewart's offense. I also took into consideration the fact that he had not been convicted of any crime as of this date while on parole. I also took into consideration the fact that the case had expired on 7/13/91.

Accordingly, on June 22, 1992, Stewart was released after having been detained since May 29, 1992.

The issue presented is whether Stewart's 24–day detention pending his parole hearing was "imprisonment on a sentence" within the meaning of U.S.S.G. § 4A1.1(e).

While the answer is a matter of federal law, it is helpful to look to state law for guidance in determining whether the nature of his incarceration was imprisonment on a sentence. Under Maryland law, parole is a conditional release from imprisonment during which the paroled prisoner remains "in legal custody." Md.Ann.Code art. 41, § 4–501(5) (1993). If a condition of parole is violated, parole may be revoked and the prisoner may be required to serve the entire remainder of the sentence originally imposed in prison *without credit* for the period served on parole, unless the Maryland Parole Commission determines otherwise. Md.Ann. Code art. 41, § 4–511(d) (1993 & Supp.1994). Thus, the prisoner, whether remaining in prison or in the community on parole, is serving his sentence throughout the full period of the sentence originally imposed. As long as the period of the sentence served while on parole is not forfeited by reason of a parole violation, the sentence is neither abated nor suspended during the period of parole. *See Gantt v. State*, 81 Md.App. 653, 569 A.2d 220 (1990); *Alvarado v. McLaugh-*

*lin*, 486 F.2d 541, 544 (4th Cir.1973). Conceptually, parole effects "an extension of the prison walls" during which the prisoner on parole remains in the custody of the Maryland Parole Commission. *Id.* It therefore follows that when a prisoner is returned from the community to prison because he *violated* his conditions of parole, even after his original term of parole has expired, he is imprisoned on his original sentence.

In this case, even though Stewart's parole was not formally revoked and he was not given additional imprisonment following his parole violation hearing, he nevertheless remained in prison for 24 days because of a violation of parole granted in connection with his original nine-year sentence. His detainment was for criminal conduct and it was served in a prison. Thus, in the plain words of the United States Sentencing Guidelines, his detainment was "imprisonment on a sentence." U.S.S.G. § 4A1.1(e).

In determining the criminal history of a defendant for purposes of sentencing, Chapter 4 of the Sentencing Guidelines draws liberally on a defendant's criminal past. "A defendant with a record of *prior criminal behavior* is more culpable than a first offender and thus deserving of greater punishment." U.S.S.G. Ch. 4, intro. comment. (emphasis added). The criminal history points added by U.S.S.G. § 4A1.1(e), which is the section relevant here, are attributable not only to the fact of past criminal behavior of a defendant, but also to the *recency* of such behavior (points added only if instant offense committed *within two years after release from imprisonment on a sentence*). *See* U.S.S.G. § 4A1.1(e) comment. (backg'd). Thus, when a defendant is *recently* released from prison for criminal conduct, defendant's repeated criminal conduct is treated more seriously. The combination of these elements, i.e. (1) imprisonment (2) for criminal behavior (3) in the *recent* past, is the essence of a § 4A1.1(e) enhancement. It is also characteristic of Stewart's 24–day detainment in 1992.

While I recognize that "imprisonment" as used in U.S.S.G. § 4A1.1(e) refers to imprisonment *on a sentence*, the Sentencing Guide-

lines has taken an expansive approach in defining what constitutes a sentence. Thus, for example, a diversionary disposition resulting from a finding or admission of guilt is considered a sentence, even if a conviction is not formally entered. *See* U.S.S.G. § 4A1.2(f); *cf.* U.S.S.G. § 4A1.2(m). As the Application Note observes, section 4A1.2(f), treating a diversionary disposition as a sentence, *"reflects a policy* that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2(f) comment. (n.9) (emphasis added).

The same sentencing policy applies to the circumstances before us. Just because Stewart received no additional time from the state commissioner for his probation violation does not lead to the conclusion that his prior incarceration was not "on a sentence." Stewart was found guilty of violating his parole imposed as part of his 1983 sentence, a sentence which clearly qualifies under U.S.S.G. § 4A1.1(a). Moreover, the disposition of no *additional* prison time that the commissioner chose to give should not relieve Stewart of the negative implications flowing from his behavior and the 24 days he was detained for it. Indeed, if the commissioner had revoked Stewart's parole and imposed additional prison time, Maryland law would *require* that he be given credit for the prehearing period served. *See* Md.Ann.Code art. 27, § 638C (1992). That probation was not revoked in order to give additional prison time does not change the character of Stewart's 24–day imprisonment prior to the hearing. The letter and spirit of § 4A1.1(e) require an enhancement for this incarceration, or Stewart *will* improperly receive a further benefit from a rehabilitative sentence which he intentionally flouted. *See* U.S.S.G. § 4A1.2(f) comment. (n.9).

Because Stewart's 24–day detention constituted imprisonment on his 1983 sentence and that imprisonment was served within two years of the instant offense, the district court properly added two points to Stewart's criminal history category under U.S.S.G.

§ 4A1.1(e). Because I would affirm the judgment of the district court, I dissent.