**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4742

FRANKIE WINSLOW,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
W. Earl Britt, District Judge.
(CR-96-7-2-BR)

Submitted: October 28, 1997

Decided: November 20, 1997

Before HALL, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Jane H.
Jackson, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frankie Winslow pled guilty to conspiracy to possess cocaine and crack cocaine and received a mandatory minimum sentence of 120 months. The conspiracy began in 1987 and continued until 1995. Winslow contends that the district court erred in failing to reduce his sentence to give him credit for a 47-month state sentence he had pre- viously served for conduct which was part of the same conspiracy. We affirm.

In preparing Winslow's presentence report, the probation officer treated the conduct underlying his state conviction as relevant conduct because it was listed as an overt act in the indictment. Accordingly, no criminal history points were awarded for Winslow's 1988 state sentence for cocaine trafficking. Winslow objected that his federal sentence should be reduced to account for the forty-seven months he served on the state sentence. He sought application of U.S. Sentenc- ing Guidelines Manual § 5G1.3 (1995).

Guideline section 5G1.3(b) directs the sentencing court to impose a concurrent sentence on a defendant who is subject to an undis- charged term of imprisonment resulting from an offense that has been fully taken into account in determining the offense level for the cur- rent offense. The commentary further directs that, when imposing sentence pursuant to subsection (b), "the court should adjust the sen- tence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the current offense" if the time served will not be credited to his federal offense by the Bureau of Prisons. See USSG§ 5G1.3, comment. (n.2).

In his sentencing memorandum, Winslow conceded that, read liter- ally, USSG § 5G1.3 did not apply to him. Nevertheless, he argued that, under the rule of lenity, USSG § 5G1.3(b) should be applied in

2

his case so that he would not be penalized twice for the same conduct. Alternatively, he asked for a downward departure. The district court overruled his objection and decided not to depart.

On appeal, Winslow repeats the arguments he made in the district court. He also suggests that USSG § 5G1.3 applies to him because he was paroled from his state sentence in 1993. He relies on United States v. French, 46 F.3d 710, 717 (8th Cir. 1995) (applying South Dakota law and finding that parolee is subject to undischarged sentence of imprisonment). However, because Winslow was paroled on January 4, 1993, and was sentenced on October 1, 1996, his parole term necessarily expired before his federal sentencing hearing even if it was extended to the maximum of three years. Thus, French is of no assistance to Winslow.* He was not subject to an undischarged sentence of imprisonment, and USSG § 5G1.3 does not authorize the sentencing court to give the defendant credit for discharged sentences. See United States v. McHan, 101 F.3d 1027, 1040 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3826 (U.S. June 16, 1997) (No. 96-8994). The rule of lenity does not apply because the guideline is not ambiguous. Consequently, the district court did not err in overruling Winslow's objection to the presentence report.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*The Sixth and Seventh Circuits have taken a different approach from that followed in French. See United States v. Jones, 107 F.3d 1147, 1163 (6th Cir. 1997) (finding that state law is not relevant to determining what constitutes an undischarged sentence of imprisonment under federal sentencing guidelines), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3861 (U.S. June 27, 1997) (No. 96-9164); United States v. Prewitt, 83 F.3d 812, 817 (7th Cir. 1996) (same); see also United States v. Stewart, 49 F.3d 121, 123 n.3 (4th Cir. 1995) (federal court construing federal sentencing guidelines should not turn to state law for guidance).