Douglas A. Westbrook, Charleston, SC, for Defendant.

**UNITED STATES of America,**

v.

**Eddie SIMMONS.**

**No. CR. 9:96–986.**

United States District Court,
D. South Carolina,
Beaufort Division.

Feb. 18, 1998.

*ORDER*

BLATT, Senior District Judge.

This Court has received defendant's Rule 35(c) motion to correct sentence filed on February 17, 1998. After reviewing the applicable Guideline, U.S.S.G. § 5G1.3(b), and the cases of *Prewitt v. United States,* 83 F.3d 812 (7th Cir.1996), *United States v. Winslow,* 129 F.3d 1262, 1997 WL 724497 (4th Cir.1997, unpublished) (citing *Prewitt* with approval), and *United States v. Stewart,* 49 F.3d 121 (4th Cir.1995), which holds that federal courts construing federal sentencing guidelines should *not* turn to state law for guidance, this Court is convinced that a defendant on state parole at the time of sentencing is not subject to an "undischarged term of imprisonment" within the meaning of U.S.S.G. § 5G1.3(b). While this Court has been unable to find a federal appellate court decision that has interpreted the meaning of state "parole" under federal law for the purpose of applying U.S.S.G. § 5G1.3(b)[1], there are cases which hold that probation[2], home

---

1. In two decisions, the Eighth Circuit Court of Appeals has determined that state parole is an undischarged term of imprisonment within the meaning of U.S.S.G. § 5G1.3. *United States v. French,* 46 F.3d 710 (8th Cir.1995); *United States v. Murphy,* 69 F.3d 237 (8th Cir.1995). However, the Eighth Circuit Court of Appeals reached its conclusions by looking to state law, which the Fourth Circuit Court of Appeals has determined is not appropriate. *United States v. Stewart,* 49 F.3d 121, 123 n. 3 (4th Cir.1995).

2. *Prewitt v. United States,* 83 F.3d 812 (7th Cir. 1996).

confinement[3] (which seems even more punitive than parole or probation), and supervised release[4], are *not* undischarged terms of imprisonment within the meaning of the federal guidelines. Based on these holdings, and the fact that the conditions of parole, probation, supervised release, and home confinement are quite similar, and much different from the conditions of furlough, work release, and escape, which are factors which U.S.S.G. § 5G1.3 considers to be terms of imprisonment, this Court finds that U.S.S.G. § 5G1.3(b) is not applicable to the defendant's case and he should not be given any credit for prior service on his earlier state sentence, which was his basis for his motion to correct sentence.[5]

Based on the foregoing, it is

ORDERED, that the motion of the defendant to correct sentence be, and the same hereby is, denied.

AND IT IS SO ORDERED.

---

**3.** *United States v. Jones,* 107 F.3d 1147 (6th Cir. 1997).

**4.** *United States v. Bernard,* 48 F.3d 427 (9th Cir. 1995).

**5.** *See also United States v. Hawkins,* 1996 WL 617430 (E.D.Pa.1996, unpublished) (holding that a defendant at federal sentencing who is on state parole, where no parole revocation has occurred, is not subject to an undischarged term of imprisonment; thus, U.S.S.G. § 5G1.3 is inapplicable), *aff'd without opinion,* 124 F.3d 189 (3rd Cir. 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 580, 139 L.Ed.2d 418 (1997).