**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4165

EDDIE J. SIMMONS, a/k/a Meno,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-986)

Submitted: September 29, 1998

Decided: October 22, 1998

Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas H. Westbrook, Charleston, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Robert H. Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eddie J. Simmons appeals the forty-one-month sentence he received after he pled guilty to participating in a crack cocaine conspiracy from mid-1992 to late 1996, see 21 U.S.C. § 846 (1994), and the district court's order denying his Fed. R. Crim. P. 35(c) motion. He contends that the district court erred in finding that state parole is not an "undischarged term of imprisonment" requiring application of USSG § 5G1.3(b)[1] and thus refusing to give him credit for time he had served on a state sentence for related conduct. We affirm.

When Simmons was indicted for the instant offense, he was serving a South Carolina Youthful Offender sentence for a crack conviction which was part of the same conspiracy. He was paroled by the state in March 1997 and entered a guilty plea to the federal crack conspiracy charge in August 1997. At the sentencing hearing, the district court noted that Simmons had been in custody for a little over eighteen months for conduct which was part of the same conspiracy, but that he could not receive credit for that time on his federal sentence.

Simmons now claims that, because he was on parole from his state sentence, the district court should have given him credit for the time he served on his state sentence pursuant to USSG§ 5G1.3, which governs sentencing of a defendant who is subject to an undischarged term of imprisonment. Under USSG § 5G1.3(b), if the undischarged term of imprisonment resulted from offenses which were fully taken into account in determining the offense level for the instant federal offense, the district court must impose a sentence concurrent with the undischarged term of imprisonment and adjust the guideline range to account for any period of imprisonment already served. See USSG § 5G1.3(b), comment. (n.2).

The question is whether Simmons' status as a state parolee made him subject to an "undischarged term of imprisonment," as that term is used in the federal sentencing guidelines. Simmons relies on United

_____

[1] **U.S. Sentencing Guidelines Manual** (1997).

2

States v. French, 46 F.3d 710, 717 (8th Cir. 1995), in which the Eighth Circuit applied South Dakota law and found that the defendant, a state parolee, was subject to an undischarged term of imprisonment within the meaning of USSG § 5G1.3(b). **2**

However, the term "imprisonment" is "used throughout the Guidelines to denote time in a penal institution," or"institutional time." United States v. Phipps, 68 F.3d 159, 162-63 (7th Cir. 1995). Moreover, we have held, as have the Sixth and Seventh Circuits, that state law is not relevant in determining the meaning of terms used in the federal sentencing guidelines. See United States v. Jones, 107 F.3d 1147, 1163 (6th Cir.) (home detention is not a sentence of imprisonment under USSG § 4A1.1) (quoting Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 119 (1983), for the principle that, "`in the absence of a plain indication to the contrary, . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law.'" (citations omitted)), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3861 (U.S. June 27, 1997) (No. 96-9164); Prewitt v. United States, 83 F.3d 812, 817 (7th Cir. 1996) (probation is not sentence of imprisonment under USSG § 5G1.3); Phipps, 68 F.3d at 161 (home detention is not sentence of imprisonment under USSG § 5G1.3); United States v. Stewart, 49 F.3d 121, 123 n.3 (4th Cir. 1995) (unlike Maryland law, federal law clearly distinguishes between parole and incarceration under USSG § 4A1.1).

In light of these decisions, we find French unpersuasive. At the time he was sentenced in the district court, Simmons had served the period of incarceration required by the state. He was not subject to an undischarged term of imprisonment and USSG § 5G1.3(b) did not apply in his case. Therefore, the district court did not err in finding that it could not give him credit for the eighteen months he had served in state custody.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented

---

**2** Under South Dakota law, parolees are considered to be "`confined, in the legal custody of the department of corrections.'" French, 46 F.3d at 717 (quoting S.D. Codified Laws Ann. § 24-15-13 (Supp. 1994)).

in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4