**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4196**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CALVIN EDWARD MILLER, a/k/a Killer, a/k/a Calvin Elwood
Miller,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.  Glen E. Conrad, Chief
District Judge.  (3:11-cr-00020-GEC-BWC-1)

_____

Submitted:  September 28, 2012      Decided:  October 22, 2012

_____

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Joel C. Hoppe,
Assistant Federal Public Defender, Charlottesville, Virginia,
for Appellant.  Timothy J. Heaphy, United States Attorney,
Jean B. Hudson, Assistant United States Attorney, Robert
Abendroth, Special Assistant United States Attorney,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Edward Miller pled guilty to distribution of a quantity of powder cocaine, 21 U.S.C.A. § 841(a), (b)(1)(C) (West 1999 & Supp. 2012), and was sentenced to a term of eighty-four months' imprisonment. Miller appeals his sentence, contending that the district court committed reversible procedural error when it determined that he was a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (2011), although the court departed downward in sentencing him. We affirm.

Miller committed the instant offense in November 2010. He had two prior felony convictions for cocaine distribution. He contended at sentencing that his 1997 conviction, incurred when he was seventeen, should not be treated as a predicate conviction for career offender status because his sentence was outside the applicable time period and could not be counted in his criminal history. For prior offenses committed before age eighteen, if the sentence exceeded one year and one month, three criminal history points apply if the sentence was imposed or if any part of it, including imprisonment for probation violations, was served within the fifteen-year period before the instant offense. USSG § 4A1.2(d)(1), (e)(1). For the 1997 offense, Miller was sentenced in 1999 to a ten-year term of imprisonment, suspended, and four years' probation. He subsequently violated

2

probation in 2000 and served one year in prison. His probation was revoked again in 2002 and 2004 and in each case, after a period of detention before the revocation hearing, Miller was sentenced to time served.

The district court determined that Miller had been imprisoned for at least one year and one month for the 1997 offense, making him a career offender. The court then decided that career offender status overstated Miller's criminal record, see USSG § 4A1.3, p.s., and that a sentence within the career offender Guidelines range of 188-235 months would be unreasonable. The court also decided that a sentence within the Guidelines range that would apply if Miller were not a career offender would understate his criminal record and be similarly unreasonable. The court determined, in light of the sentencing factors in 18 U.S.C. § 3553(a) (2006), that a sentence of eighty-four months was appropriate.

We review a sentence for reasonableness under an abuse of discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A "deferential abuse-of-discretion standard applies to any sentence, whether inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668

F.3d 95, 100-01 (4th Cir. 2012) (internal citation and quotation marks omitted), cert. denied, 2012 Westlaw 2805025 (U.S. Oct. 1, 2012). In reviewing any variance, we must give due deference to the sentencing court's decision. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.) (citing Gall, 552 U.S. at 56), cert. denied, 131 S. Ct. 2946 (2011). Procedural errors are subject to review for harmlessness. Puckett v. United States, 556 U.S. 129, 141 (2009); United States v. Mehta, 594 F.3d 279, 283 (4th Cir. (2010).

Miller maintains that the government failed to prove that he served more than one month in prison as a penalty for his probation violations in 2002 or 2004, as opposed to time in prison "dictated by other charges and the circuit court's scheduling constraints" which, he argues, should not be counted for criminal history or career offender status. Miller relies on United States v. Latimer, 991 F.2d 1509, 1517 (9th Cir. 1993), and United States v. Stewart, 49 F.3d 121, 125 (4th Cir. 1995). Both cases are distinguishable. In Latimer, the defendant's parole was revoked, but he was sentenced to confinement in a community treatment center instead of imprisonment. Thus, the time he spent in federal detention awaiting his parole revocation hearing did not count as incarceration. Latimer, 991 F.2d at 1510, 1517. In Stewart, the defendant's parole was not revoked and he received no

4

sentence at all. As in Latimer, the defendant's detention before his revocation hearing did not constitute a sentence of imprisonment. Stewart, 49 F.3d at 125. By contrast, Miller's probation was revoked in 2002 and in 2004, and each time he received a sentence of time served. Based on the evidence presented at sentencing, the district court did not clearly err in finding that Miller served at least one month of imprisonment following revocation of his probation in 2002 and 2004, and a total sentence of imprisonment of at least one year and one month for his 1997 drug conviction. Therefore, Miller was correctly sentenced as a career offender.

Further, any error in the district court's determination was harmless because the court decided that the appropriate sentence for Miller's offense was within neither the career offender Guidelines range nor the Guidelines range that would apply if Miller were not a career offender. In his reply brief, Miller argues that resentencing is necessary because the district court stated only that it would impose "about" the same sentence, not precisely the same sentence, whether or not he was a career offender. Miller cites United States v. Lewis, 606 F.3d 193, 199 (4th Cir. 2010) (rejecting government argument for application of an upwardly amended Guidelines provision on the ground that to do so would violate the Ex Post Facto Clause). Lewis is inapposite. We are satisfied that resentencing is not

5

required here because the district court correctly determined that Miller was a career offender and exercised its discretion to determine the appropriate sentence in light of the § 3553(a) factors.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED