**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4364**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

GERARD FENNER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:12-cr-00115-BR-1)

_____

Submitted:  May 14, 2014           Decided:  June 6, 2014

_____

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Mark R. Sigmon, GRAEBE HANNA & SULLIVAN, PLLC, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerard Fenner appeals from the seventy-eight-month sentence imposed for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g), 924 (2012). On appeal, he challenges the district court's calculation of his criminal history score. At sentencing, Fenner agreed to drop all objections to the Presentence Report (PSR), with the exception of the application of a cross-reference to the crack cocaine Guidelines, pursuant to U.S. Sentencing Guidelines Manual §§ 2K2.1, 2X1.1 (2012). In exchange, the Government orally agreed that the cross-reference need not be applied in order to calculate a reasonable sentence. The parties mutually agreed to recommend a 78-month sentence to the court. The court granted the objection and imposed the 78-month sentence. We vacate and remand for resentencing.

Fenner argues that that the calculation of his criminal history points should be reexamined under United States v. Davis, 720 F.3d 215, 216, 219-20 (4th Cir. 2013), which held that a consolidated sentence for separate robberies was a single sentence under North Carolina law, thereby precluding application of the career offender Guideline. Davis issued after Fenner was sentenced. Fenner argues that his criminal history category of VI is no longer valid after Davis, because he received only a single sentence on the multiple

2

charges that were consolidated by the state court in a judgment entered January 5, 2004. Thus, after Davis, the state charges that were resolved by the January 5, 2004 consolidated judgment may be counted as only one prior sentence.

Fenner argues that the district court committed a second scoring error, as well, citing United States v. Martin, 378 F.3d 353 (4th Cir. 2004). The PSR revised at sentencing was adopted by the district court and assessed two criminal history points for an assault inflicting serious injury with an offense date of June 23, 2008. Fenner had been found guilty of the offense and served ninety-one days in custody. At the time of the PSR and sentencing, this conviction was "on appeal" from North Carolina state district court to superior court. The misdemeanor assault charge was dismissed during Fenner's appeal to the superior court. We have held that any sentence on appeal from North Carolina state district court to the superior court should receive one criminal history point, as a sentence "totally . . . stayed" under USSG § 4A1.2(a)(3). Martin, 378 F.3d at 358.

Fenner did not object below to either of these scoring issues; therefore, we review his sentencing arguments for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). An error is plain when it is clear or obvious, and affects substantial rights. Id. Even if the law at the time of

sentencing is "settled and clearly contrary to the law at the time of appeal," an error need only be "plain" at the time of appellate review.  Johnson v. United States, 520 U.S. 461, 468, (1997).  Thus, even though the Davis error was not clear to the district court at the time of Fenner's sentencing — in fact, it was settled that the district court was correct at that time — it is now clear and obvious that the district court erred in counting the consolidated sentence as separate sentences.

To establish whether the Davis error affected Fenner's substantial rights, he must show that the error actually affected the outcome of the proceedings, i.e., that his "sentence was longer than that to which he would otherwise be subject."  United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001).  Fenner has demonstrated that, due to the Davis error, his Guidelines range would have been lower had the consolidated sentence been counted as a single sentence.

Even when plain error is established, an appellate court may correct the error only if "not doing so would result in a miscarriage of justice, or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings."  United States v. Whitfield, 695 F.3d 288, 303 (4th Cir. 2012) (internal quotation marks omitted), cert. denied, 133 S. Ct. 1461 (2013).  We conclude that the sentencing error at issue here meets this standard.  Accordingly, the

4

district court plainly erred by miscalculating the criminal history score as it did not have the benefit of <u>Davis</u>.

We vacate the sentence in its entirety and remand for new sentencing proceedings in light of <u>Davis</u>.[*] We express no opinion on the appropriate sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*] In view of our disposition, we need not address whether there was plain error or waiver of the claim challenging calculation of criminal points related to the sentence on appeal to state superior court.

5