**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4060**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

BRANDON MARQUIS TURNER,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., Chief District Judge.  (1:12-cr-00017-WO-1)

—————————

Submitted:  August 25, 2014          Decided:  August 27, 2014

—————————

Before TRAXLER, Chief Judge, and WILKINSON and AGEE, Circuit
Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Louis C. Allen, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant.  Terry Michael Meinecke, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Marquis Turner pled guilty, pursuant to a plea agreement, to maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(1) (2012) (Count One), and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012) (Count Two). The district court sentenced Turner to twenty-one months' imprisonment on Count One, a downward variance from the twenty-seven to thirty-three-month Guidelines range, and a consecutive sentence of sixty months, the statutory mandatory minimum, on Count Two.[*] Turner appeals.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Turner's sentence is reasonable. Turner was advised of his right to file

---

[*] The district court initially sentenced Turner to thirty months on Count One and a consecutive sixty months on Count Two, and Turner appealed. Without addressing the merits of the appeal, this court granted the parties' joint motion to remand for a new sentencing hearing where the district court could consider the applicability, if any, of United States v. Davis, 720 F.3d 215, 217, 219-20 (4th Cir. 2013). In light of Davis, the district court removed three criminal history points from Turner's criminal history score, reducing his criminal history category to V and his Guidelines range on Count One to twenty-seven to thirty-one months. The court resentenced Turner to a downward variance sentence of twenty-one months on Count One and sixty months on Count Two. It is from this sentence that Turner now appeals.

a pro se supplemental brief, but he did not file one. We affirm.

We review Turner's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2012) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. Id. at 49-51. We conclude that Turner's sentence is procedurally reasonable. Further, Turner has also failed to rebut the presumption that his below-Guidelines sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (explaining presumption); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining that defendant may rebut presumption by showing "that the sentence is unreasonable when measured against the § 3553(a) factors" (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Turner, in writing, of the right to petition the Supreme

Court of the United States for further review. If Turner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Turner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4