**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4346**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ZAVIER MARQUIS DAVIS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00080-MOC-DSC-1)

Argued: May 17, 2013           Decided: June 24, 2013

Before MOTZ, GREGORY, Circuit Judges, and Ellen L. HOLLANDER, United States District Judge for the District of Maryland, sitting by designation.

Vacated and remanded by published opinion. Judge Gregory wrote the opinion, in which Judge Motz and Judge Hollander joined.

**ARGUED:** Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Henderson Hill, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina; Thomas N. Cochran, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

GREGORY, Circuit Judge:

As permitted under North Carolina law, Appellant Zavier M. Davis received one consolidated sentence for multiple violations of state law. Based on its interpretation of the career offender enhancement in the United States Sentencing Guidelines ("Guidelines"), see U.S.S.G. § 4B1.1, the district court counted this consolidated sentence as at least "two prior felony convictions" and sentenced Davis as a career offender. We hold that a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement. Thus, we vacate Davis' sentence and remand for resentencing.

I.

In July 2004, Davis used a handgun to rob a Burger King in Charlotte, North Carolina. Davis was arrested and indicted in state court for robbery with a dangerous weapon, in violation of N.C. Gen. Stat. Ann. § 14-87.[*] On February 23, 2005, Davis used a gun to rob a McDonald's in Charlotte, North Carolina. A day prior to this robbery, Davis used a gun to assault one individual and rob another. In an eight-count indictment for the February 2005 robberies, Davis was charged with five counts of robbery with a dangerous weapon, among other things.

---

[*]The date of Davis' arrest is not evident in the record, but his counsel conceded before the district court that it was prior to his February 2005 robberies.

2

On September 9, 2005, Davis pled guilty in North Carolina state court to several counts in the July 2004 and February 2005 state indictments.  As relevant, Davis pled guilty to six counts of robbery with a dangerous weapon ("RWDW")--one count for the 2004 robbery, and five counts for the 2005 robberies. Consistent with the plea agreement, the charges were to be consolidated for judgment as one RWDW and sentenced as a class D felony. See N.C. Gen. Stat. Ann. § 15A-1340.15(b). In exchange, the state agreed to dismiss the remaining charges. In accordance with the plea, the state court imposed one sentence of 61 to 83 months.

On July 31, 2010, Davis used a handgun to rob a Wendy's Restaurant in Charlotte, North Carolina.  In the U.S. district court, without the benefit of a written plea agreement, Davis pled guilty to three counts: (1) Hobbs Act robbery; (2) use of a firearm in furtherance of a violent crime; and (3) possession of a firearm by a convicted felon.

Following his plea, a federal probation officer prepared a Presentence Investigation Report ("PSR").  In calculating the Guidelines range applicable to Davis, the probation officer noted that Davis qualified for the career offender enhancement under U.S.S.G. § 4B1.1 because he was at least 18 years old when he committed the instant robbery, and because he had two prior North Carolina robbery offenses. Accordingly, the probation officer recommended that the court sentence Davis as a career

3

offender, increasing his base offense level from twenty-six to thirty-two.

At sentencing, Davis objected to the career offender enhancement, arguing that he received a "consolidated sentence" for his prior state offenses and thus did not have "at least two prior felony convictions" as defined by the Guidelines. The Government opposed the motion, asserting that prior felony convictions that are consolidated for sentencing but based on offenses that were separated by an intervening arrest constitute separate sentences for the purposes of the enhancement. Because Davis' North Carolina offenses were separated by an intervening arrest, the Government argued the career offender enhancement was applicable.

The district court agreed with the Government, denied Davis' objection, and applied the enhancement. Based on a criminal history category of VI, it determined Davis' applicable career-offender Guidelines range was 262 to 327 months. The district court then sentenced Davis to a within-Guidelines sentence of 276 months.

Davis timely appealed and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Davis contends that the district court erroneously applied the career offender enhancement to him because under the plain

4

language of the Guidelines, a single consolidated sentence cannot be counted as separate sentences. We review the interpretation of the Guidelines de novo. United States v. Henoud, 81 F.3d 484, 490 (4th Cir. 1996).

A.

To be labeled a career offender: (1) the defendant must be 18 or older at the time he committed the present offense; (2) the present offense must be a crime of violence or controlled substance offense; and (3) the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The sole issue on appeal is whether Davis' prior state robbery offenses qualify as "two prior felony convictions" as defined by the Guidelines.

Under the Guidelines, the existence of two prior felony convictions alone is not dispositive; the defendant must also have at least two prior sentences for those convictions. Specifically, the "two prior felony convictions" prong is satisfied if: (1) the defendant has previously sustained at least two felony convictions of either a crime of violence or a controlled substance offense; and (2) "the sentences for at least two of the aforementioned felony convictions are counted separately." U.S.S.G. § 4B1.2(c) (emphasis added).

Davis concedes that the former requirement--felony convictions of either a crime of violence or controlled

5

substance--is met because he has at least two prior robbery convictions. He contends, however, the latter requirement-- separately counted sentences for the convictions--is not met because he received only one sentence for those convictions. For the reasons that follow, we agree.

B.

First, as noted above, the plain language of U.S.S.G. § 4B1.2(c) requires that a defendant can only be sentenced as a career offender if he received "sentences for at least two" prior felonies. Davis received only one sentence for his prior state felonies.

Under North Carolina's statutory provision for "[m]ultiple convictions," where an individual is convicted of more than one offense, the general rule is that "all sentences of imprisonment run concurrently with any other sentences of imprisonment." N.C. Gen. Stat. Ann. § 15A-1340.15(a). There are two exceptions to this general rule. First, the court may impose a consecutive sentence by expressly specifying the sentence as such. Id. Alternatively, the court may impose a consolidated sentence or judgment:

> If an offender is convicted of more than one offense at the same time, the court may consolidate the offenses for judgment and impose a single judgment for the consolidated offenses. The judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense, and its minimum sentence of imprisonment shall be within the ranges specified for that class of offense and prior record level, unless applicable

6

statutes require or authorize another minimum sentence of imprisonment.

Id. § 15A-1340.15(b) (emphasis added). Thus, when a North Carolina court consolidates offenses for judgment, the outcome is a single judgment for which the length of the sentence is controlled by the maximum sentence for the most serious offense.

For his prior 2004 and 2005 offenses, Davis received a "single judgment for [ ] consolidated offenses" pursuant to this North Carolina statutory provision. Consequently, Davis came to federal court with one consolidated sentence.

C.

Second, we have no published authority on whether a North Carolina consolidated sentence is a single sentence or multiple sentences under the Guidelines, and thus no published authority suggesting we should disregard the plain meaning of the Guidelines.

The Government contends that we have decided this issue before, stating that "[i]t is well established in this circuit that cases consolidated for sentencing under North Carolina law[] yield multiple separate offenses as long as the offenses were separated by an intervening arrest." (Gov't's Br. at 8.) In support, the Government cites to United States v. Huggins, 191 F.3d 532, 539 (4th Cir. 1999), and a few unpublished opinions. But the latter are without precedential value, and Huggins is clearly distinguishable.

7

In Huggins, the defendant argued that he was erroneously sentenced as a career offender because his two prior 1987 convictions were "consolidated for sentencing," and thus were related offenses that counted together as a single offense. 191 F.3d at 539. We cited to the Guidelines commentary, which at the time stated "'[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest.'" Id. (quoting U.S.S.G. § 4A1.2, application n. 3 (1999)). Because Huggins was arrested for his first offense in March 1987, a month prior to committing his second offense, we found that there was an intervening arrest, and thus, his prior offenses were not related and counted separately for purposes of the career offender enhancement.

Davis contends that Huggins is distinguishable because it is based on the pre-2007 version of § 4A1.2, which turned on whether the prior cases were "related." Under the old rule, two sentences consolidated for sentencing were related and counted as one sentence, if the underlying offenses were not separated by an intervening arrest. We find that for purposes of this case there is no substantive difference between the old rule and the new rule, which provides that two prior sentences count separately if the offenses were separated by an intervening arrest. See U.S.S.G. § 4A1.2(a)(2). Thus, Huggins cannot be distinguished based merely on a nonpertinent change to the text of the applicable rule.

The relevant distinction is that the defendant in <u>Huggins</u> received two separate sentences for his two prior offenses, notwithstanding the fact that the offenses were "consolidated for sentencing." The prior offenses in <u>Huggins</u> occurred in 1987, six years before North Carolina enacted the consolidated sentence provision. <u>See</u> N.C. Gen. Ann. Laws 1993, c. 538, § 1, eff. Oct. 1, 1994; <u>see also</u> <u>State v. Branch</u>, 518 S.E.2d 213, 215 (N.C. Ct. App. 1999) (holding that as a matter of law, "offenses that were committed prior to 1 October 1994, the effective date of the Structured Sentencing Act," cannot be consolidated for judgment under the Act). Thus, <u>Huggins</u> is inapposite because it does not address the textual issue raised in this case, an issue that could not have been raised at the time.

The term "consolidated for sentencing" as addressed in <u>Huggins</u> does not equate to "consolidated sentence" (or "consolidated judgment"). The distinction is not merely textual or grammatical; the former is procedural, while the latter is substantive. When offenses are "consolidated for sentencing," the consolidation is merely a procedural mechanism used primarily out of concern for judicial economy and efficiency. <u>See, e.g.</u>, <u>United States v. Cole</u>, 857 F.2d 971, 974 (4th Cir. 1988) ("interests of judicial economy were furthered by [] joint trial"). Whereas, under North Carolina law, a "consolidated sentence" is a mechanism that affects the substantive rights of a defendant, and in some scenarios, could be beneficial to the

9

defendant.  See State v. Tucker, 588 S.E.2d 853, 857 (N.C. 2003) (consolidated judgments "work[] to the benefit of the defendant by limiting the maximum sentence that he can receive for all of the convictions so consolidated") (citation omitted).  As such, a consolidated sentence is distinct from a consolidated proceeding.

D.

The language of the Guidelines is plain.  It begins with the basic principle that there must be more than one prior sentence for the enhancement to apply.  See U.S.S.G. § 4B1.2(c) (laying out the "sentence" requirement in plural, as opposed to singular, form).  In the absence of "multiple prior sentences," the existence of an intervening arrest is irrelevant.  See id. § 4A1.2(a)(2).

We hold today that where a defendant receives a "consolidated sentence" (or "consolidated judgment") under North Carolina law, it is one sentence and absent another qualifying sentence, the enhancement is inapplicable.  In laying out this principle, we adhere to and are constrained by "well-established federalism principles [which] do not permit a federal court to reject North Carolina's judgment as to the seriousness of a North Carolina crime, prosecuted in a North Carolina court and adjudicated by a North Carolina judge, merely because the federal court might 'expect' a more serious punishment." United States v. Simmons, 649 F.3d 237, 249 (4th Cir. 2011) (en banc).

10

Applying this test, we find that the career offender enhancement is inapplicable to Davis because the third prong of the career offender enhancement requiring "two prior felony convictions," as defined by the Guidelines, is not satisfied. For the 2004 and 2005 robberies, Davis received a single consolidated sentence. Because the Government failed to put forth another qualifying sentence, it was error for the district court to enhance Davis' applicable guideline range and sentence him as a career offender.

To be clear, our decision does not turn on state law. See United States v. Stewart, 49 F.3d 121, 123 n.3 (4th Cir. 1995) ("A federal court construing the federal Sentencing Guidelines need not turn to state law."). Instead, it rests on what the plain language of the Guidelines demands.

The Government contends that our interpretation belies the policy goals of the Sentencing Commission as it would result in sentencing disparities, i.e., some defendants would avoid the career offender enhancement simply because of a state court's decision to consolidate sentences, while other defendants without consolidated sentences would not be so lucky. We are not persuaded.

As a general matter, the plain meaning of the Guidelines trumps policy considerations. See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240 (1989) ("The plain meaning of legislation should be conclusive, except in the rare cases in

which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.") (internal quotation marks and alterations omitted). Moreover, as Davis points out, there are other mechanisms within the Guidelines, such as departures and variances, which the Government could urge the sentencing court to apply, in order to correct identified sentencing disparities.

## III.

Based on our interpretation of the Guidelines, we conclude that the district court erred in applying the career offender enhancement because Davis had only one prior qualifying sentence, not two. Accordingly, we vacate Davis' sentence and remand this matter for resentencing without the career offender enhancement.

VACATED AND REMANDED