**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4126**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

ALBERT LEE ANDREWS, III,

     Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00117-NCT-1)

_____

Submitted:  November 19, 2013   Decided:  November 27, 2013

_____

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Kearns Davis, Mary F. Peña, BROOKS, PIERCE, MCCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Christopher Edwards, Third Year Law Student, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Lee Andrews, III, appeals his convictions and 360-month sentence imposed after he was convicted by a jury of interference with commerce by robbery of a Domino's Pizza restaurant, in violation of 18 U.S.C. § 1951 (2012), and carrying, using, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). On appeal, Andrews argues that the evidence presented and argued by the Government at trial resulted in a fatal variance that requires this court to vacate his convictions. He also contends that the district court erred in sentencing him as a career offender. The Government argues that there was no fatal variance between the indictment and the evidence presented at trial, and that Andrews' convictions should accordingly be affirmed. The Government concedes, however, that Andrews' career offender sentence is improper after this court's decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013), and therefore that his sentence should be vacated and the case remanded for resentencing.

According to Andrews, evidence presented at trial established that the money taken from the Domino's business belonged to the franchise owner rather than to Domino's, and such evidence constituted a fatal variance from the indictment. "This court reviews de novo a claim of constructive amendment to

2

an indictment." United States v. Malloy, 568 F.3d 166, 177 (4th Cir. 2009). "When the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment -- sometimes referred to as a fatal variance -- occurs." United States v. Allmendinger, 706 F.3d 330, 339 (4th Cir. 2013) (citation omitted), cert. denied, 133 S. Ct. 2747 (2013). "An indictment is constructively amended, and a fatal variance occurs when the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." Id. (internal quotation marks and citation omitted). Based on our review of the record, we conclude that no fatal variance occurred.

Andrews argues, and the Government concedes, that his career offender designation is no longer valid after Davis, because he received only a single sentence on the multiple charges that were consolidated by the state court. The presentence investigation report noted Andrews' convictions on five counts of felony robbery with a dangerous weapon, two counts of felony assault with a dangerous weapon with intent to kill, and one count of felony discharge of a weapon into occupied property. These charges were consolidated for judgment

and resolved at a single hearing, after which the state court issued a single judgment sentencing Andrews to a term of imprisonment. In Davis, this court held "that a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement." Davis, 720 F.3d at 216; see also id. at 219-20. Thus, after Davis, the state charges that were resolved by the consolidated judgment count as only one career-offender predicate. Andrews has no other prior felony convictions, and thus he does not qualify for sentencing as a career offender.

Accordingly, we affirm Andrews' convictions, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART