**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4549**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TYSHIK-KEE WILLIAMS,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever, III,
Chief District Judge.   (5:13-cr-00017-D-1)

———————

Submitted:  April 30, 2014          Decided:  May 12, 2014

———————

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Bradley L. Henry, BREEDING & LODATO, LLC, Knoxville, Tennessee,
for Appellant.    Thomas  G.  Walker,  United  States  Attorney,
Jennifer  P.  May-Parker,  Yvonne  Watford-McKinney,  Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyshik-Kee Williams pled guilty, without a plea agreement, to one count of possession of a firearm and ammunition as a convicted felon and two counts of distribution of heroin. The district court upwardly departed from Williams' advisory Guidelines range, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a)(1), p.s. (2012), and sentenced Williams as a de facto career offender to a total of 240 months' imprisonment. On appeal, Williams argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). The court first reviews for "significant procedural error," and if the sentence is free from such error, it then considers substantive reasonableness. Id. Procedural error includes "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in

2

§ 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

A district court may upwardly depart from an applicable Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. Here, the district court explained at length its reasons for the departure. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (discussing district court's obligation to conduct "individualized assessment" of facts). The court emphasized Williams' extensive record of violent conduct, his past involvement with firearms and narcotics, and his likelihood for recidivism.[1] The district court found that Williams was "an active gang member" (J.A. at 145),[2] who sold heroin and provided "muscle for the gang." (J.A. at 159). The district court also found that Williams continued his gang activities following his incarceration, as Williams

---

[1] Williams argues that he was classified as a de facto career offender, based on prior North Carolina convictions for common law robbery, in violation of United States v. Davis, 720 F.3d 215 (4th Cir. 2013). This argument is meritless, as the district court explicitly stated that it did not rely solely on these convictions in upwardly departing. See id. at 220.

[2] "J.A." refers to the joint appendix filed by the parties on appeal.

3

"talk[ed] to fellow gang members about robbing people to get bond money and [made] threats from inside." (Id.). Finally, the district court highlighted Williams' lack of education and employment. Thus, our review of the record leads us to conclude that the district court did not err in applying an upward departure based on prior uncharged criminal conduct, see USSG § 4A1.3(a)(2), p.s., and that there is no procedural infirmity. Further, because the district court's determination warrants our deference, see United States v. Jeffery, 631 F.3d 669, 679–80 (4th Cir. 2011), we conclude that the district court did not abuse its discretion and that the upward departure is not substantively unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED