**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4284**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LEARON CHATMON LITTLE,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:12-cr-00021-NCT-1)

Submitted: August 14, 2014      Decided: August 22, 2014

Before DUNCAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Learon Little pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed a within-Guidelines sentence of seventy-seven months' imprisonment. Little timely appealed. While the appeal was pending, we vacated the sentence and remanded for the limited purpose of resentencing following our decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013). On remand, the district court imposed a sentence of seventy-one months, at the top of the recalculated Guidelines range. Following that limited remand, Little challenges only the substantive reasonableness of his sentence. We affirm.

We review a sentence for reasonableness, applying a deferential "abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, there is no allegation of significant procedural error, we review the sentence for substantive reasonableness. Id. A reasonable sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a) (2012). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

A within-Guidelines sentence is presumed substantively reasonable on appeal. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). The defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude Little fails to meet this burden. At the original sentencing, the court evaluated Little's history and characteristics, the circumstances of the offense, and the need to protect the public. Based on these factors, it determined that a within-Guidelines sentence of seventy-seven months was appropriate to meet the goals of sentencing. On resentencing, the court relied on its prior evaluation to conclude that Davis and the resulting change in Little's Guidelines range did not warrant a substantially lower sentence.

Although Little makes much of the district court's "contradictory" statements at the original and resentencing hearings, we find nothing inconsistent in the court's reasoning. Rather, the court merely concluded at resentencing that the relevant sentencing considerations had not changed and that a sentence within the applicable Guidelines range, but of a similar length, remained appropriate to meet the goals of

3

sentencing. We perceive no basis in the record to overcome the presumption of reasonableness accorded this sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4