**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4045**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ANTOINE CHARLES CARR,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00098-TDS-1)

———————

Submitted: September 16, 2014    Decided: September 25, 2014

———————

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas H. Johnson, Jr., GRAY & JOHNSON, LLP, Greensboro, North Carolina for Appellant. Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Charles Carr appeals the 210-month sentence imposed following his conviction by a jury of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and possession of cocaine base, in violation of 21 U.S.C. § 844(a) (2012). On appeal, Carr argues only that the district court erred in imposing a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012), because he lacked the requisite number of predicate convictions in light of our decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013). We affirm.

We review de novo questions of statutory interpretation involving the application of the ACCA. See United States v. Washington, 629 F.3d 403, 411 (4th Cir. 2011); United States v. Carr, 592 F.3d 636, 639 n.4 (4th Cir. 2010). Similarly, we review issues relying upon the legal interpretation of the Guidelines de novo. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010).

A defendant is classified as an armed career criminal if he has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute does not define "conviction," except to include juvenile

delinquency cases involving violent felonies.  See 18 U.S.C. § 924(e)(2)(C).

In contrast, a defendant is properly classified as a career offender if, among other requirements, he "has at least two prior felony convictions for either a crime of violence or a controlled substance offense."  U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2012).  At least two of these convictions must carry sentences that are counted separately under USSG § 4A1.2 (Definitions and Instructions for Computing Criminal History).  USSG § 4B1.2(c).

In Davis, we held that "a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement."  720 F.3d at 216.  We reached this conclusion based in large measure upon the plain language of USSG § 4B1.2(c), requiring predicate convictions to carry sentences that are counted separately.  The ACCA contains no similar language, but instead requires only three predicate "convictions."  We are not persuaded by Carr's argument that "conviction" and "sentence" are materially indistinguishable; the term "conviction" primarily focuses on the determination of a defendant's guilt or innocence, while "sentence" is mainly concerned with the punishment imposed upon a finding of guilt. We also note that the North Carolina statute authorizing consolidated criminal sentences specifically defines a

3

consolidated judgment as resulting from multiple convictions. See N.C. Gen. Stat. § 15A-1340.15 (2013). As the district court properly determined, Davis does not apply to the ACCA, and Carr had the requisite number of ACCA predicate convictions despite his consolidated criminal judgment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4