**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4140**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DAVID CARLTON NORTON, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00213-WO-1)

Submitted: September 29, 2014        Decided: October 10, 2014

Before WILKINSON, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Angela H. Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Carlton Norton, Jr., pled guilty, pursuant to a plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court deemed Norton an armed career criminal and sentenced him to the statutory minimum sentence of 180 months' imprisonment. See 18 U.S.C. § 924(e)(1) (2012). Norton appeals his sentence, arguing that the district court improperly classified him as an armed career criminal. We affirm.

When considering whether the district court properly sentenced a defendant as an armed career criminal, we review the court's legal conclusions de novo and its factual findings for clear error. United States v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 16, 2014) (No. 13-10640). Under the Armed Career Criminal Act ("ACCA"), if a defendant is convicted of being a felon in possession of a firearm and has sustained at least three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to being sentenced as an armed career criminal. 18 U.S.C. § 924(e)(1).

Norton contends that his two North Carolina common law robbery convictions should be counted as only one predicate offense for the purpose of the armed career criminal enhancement

2

because they were part of a consolidated judgment. Although we held in United States v. Davis, 720 F.3d 215 (4th Cir. 2013), that a consolidated sentence for multiple North Carolina convictions is to be treated as a single sentence for purposes of the career offender enhancement, id. at 219, Davis does not apply in the context of the ACCA. We reiterate that "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses," and that "[t]he only requirement [for applying the armed career criminal enhancement] is that the predicate offenses be committed on occasions different from one another." United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) (internal quotation marks omitted).

Accordingly, we conclude that the district court correctly classified Norton as an armed career criminal and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3