**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4369**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ERIC LAMAR BRUTON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:13-cr-00299-NCT-1)

_____

Submitted:  October 21, 2014        Decided:  December 23, 2014

_____

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Greg Davis, Assistant
Federal Public Defender, Winston-Salem, North Carolina, for
Appellant.  Andrew Charles Cochran, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Lamar Bruton pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court deemed Bruton an armed career criminal, see 18 U.S.C. § 924(e) (2012), and sentenced him to 188 months' imprisonment—the bottom of Bruton's advisory Guidelines range. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court properly classified Bruton as an armed career criminal. Bruton was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

When considering whether the district court properly sentenced a defendant as an armed career criminal, we review the court's legal conclusions de novo and its factual findings for clear error. United States v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 16, 2014) (No. 13-10640). Under the Armed Career Criminal Act ("ACCA"), if a defendant is convicted of being a felon in possession of a firearm and has sustained at least three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to an enhanced sentence. 18 U.S.C. § 924(e)(1).

Bruton contends that his three North Carolina convictions for burning certain buildings should be counted as only one predicate offense for the purpose of the ACCA because they were consolidated for judgment. Although we held in United States v. Davis, 720 F.3d 215 (4th Cir. 2013), that a consolidated sentence for multiple North Carolina convictions is to be treated as a single sentence for purposes of the career offender enhancement, id. at 219, Davis does not apply in the context of the ACCA. We reiterate that "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses," and that "[t]he only requirement [for applying the ACCA] is that the predicate offenses be committed on occasions different from one another." United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) (internal quotation marks omitted). Accordingly, we conclude that the district court correctly sentenced Bruton as an armed career criminal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bruton, in writing, of his right to petition the Supreme Court of the United States for further review. If Bruton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bruton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4