**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-4184**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHASE DESEAN FERGUSON,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:13-cr-00176-FL-1)

―――――――――

Submitted:  October 21, 2014        Decided:  December 23, 2014

―――――――――

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker,, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chase Desean Ferguson appeals from his 63-month sentence imposed pursuant to his guilty plea to possession of a firearm and ammunition by a convicted felon. On appeal, Ferguson argues that his sentence is substantively unreasonable due to the extent of the departure imposed pursuant to U.S. Sentencing Guidelines Manual § 4A1.3 (2013) (under-representation of criminal history category). We affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 51 (2007). When the district court imposes a departure or variance sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359,

364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted).

Where, as here, the defendant does not challenge the procedural reasonableness of his sentence, we review the sentence only for substantive reasonableness, applying the abuse-of-discretion standard. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A district court may depart upward from an applicable Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; see United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008) (noting that an under-representative criminal history category is an encouraged basis for departure). To determine whether a departure sentence is appropriate in such circumstances, the Guidelines state that a court may consider prior sentences not used in the criminal history calculation or prior conduct not resulting in a conviction. USSG § 4A1.3(a)(2), p.s.

Ferguson argues that the court's departure to Criminal History Category VI exaggerated the importance of his prior unscored convictions, which were all committed during a relatively short period of time. However, the district court

3

was well within its discretion to consider a large number of prior convictions that did not result in any criminal history points. Moreover, the court did not rely exclusively on these unscored convictions to support the upward departure. It also considered that Ferguson committed the instant offense shortly after being released from prison, that he had been leniently treated in the past,[*] that he faced pending charges, and that he

[*] Ferguson contends that the district court erred in concluding that North Carolina had treated him leniently. He draws an analogy to our recent decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013). In Davis, the defendant had received one consolidated sentence for multiple violations of North Carolina law, and the district court sentenced him as a career offender based on that state court judgment. Id. at 216. The defendant argued that the district court erred by applying the career offender enhancement "because under the plain language of the Guidelines, a single consolidated sentence cannot be counted as separate sentences." Id. at 217. We agreed, holding "that where a defendant receives a consolidated sentence (or consolidated judgment) under North Carolina law, it is one sentence and absent another qualifying sentence, the [career offender] enhancement is inapplicable." 720 F.3d at 219 (internal quotation marks omitted). In reaching this conclusion, we relied, in part, on the "well-established federalism principles which do not permit a federal court to reject North Carolina's judgment as to the seriousness of a North Carolina crime, prosecuted in a North Carolina court and adjudicated by a North Carolina judge, merely because the federal court might expect a more serious punishment." Id. (internal quotation marks and brackets omitted).

Ferguson contends that, just as the Davis court directed district courts to respect North Carolina's sentencing scheme when considering whether to apply the career offender enhancement, district courts similarly should respect North Carolina's treatment of consolidated convictions when considering whether a defendant's criminal history category is adequate. We conclude that Ferguson's argument is flawed. In
(Continued)

posed a danger to the community. Finally, the court carefully considered the intervening criminal history levels and explicitly concluded that they were insufficient to meet the goals of sentencing. We conclude that the extent of the district court's departure from the Guidelines was permissible and that its justifications were sufficiently compelling. See United States v. McNeill, 598 F.3d 161, 166-67 (4th Cir. 2010) (affirming upward departure under § 4A1.3).

For these reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

addition to principles of federalism, we relied in Davis on the plain language of the career offender enhancement, which makes clear "that there must be more than one prior sentence for the enhancement to apply." Id. at 219. Thus, the focus for a sentencing court when determining whether a defendant qualifies as a career offender is the number of sentences, while the factors involved in a departure for under-representation of criminal history does not depend on how many "sentences" the defendant received. As the Davis court clarified, Davis "d[id] not turn on state law," but "rest[ed] on what the plain language of the Guidelines demands." Id. at 220.