<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4501**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JESSE LEE CRUDUP,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:13-cr-00073-BO-1)

Submitted: February 23, 2015     Decided: March 20, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brad P. Bennion, East Weymouth, Massachusetts, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Lee Crudup pled guilty, pursuant to a written plea agreement, to one count of possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g) (2012), and was sentenced as an armed career criminal to 180 months' imprisonment. He appeals, arguing: (1) his prior convictions are elements of the crime that the Government was required to identify in the indictment and prove beyond a reasonable doubt; (2) the Government had "an obligation to conduct a criminal history audit pre-plea agreement to determine if the armed career criminal act would be applicable"; and (3) the district court erred in counting prior convictions as separate offenses. Finding no error, we affirm.

Crudup first argues that the district court erred in imposing a sentence based on prior convictions that were neither referenced in the indictment nor proved beyond a reasonable doubt, citing Alleyne v. United States, ___ U.S.___, 133 S. Ct. 2151 (2013) and Apprendi v. New Jersey, 530 U.S. 466 (2000). However, Crudup properly concedes that this Court has held that Alleyne does not overrule Almendarez-Torres v. United States, 523 U.S. 224, 228-35, 239-47 (1998), which removed prior convictions from the class of facts which must be submitted to a fact-finder to increase a defendant's sentence. See United States v. McDowell, 745 F.3d 115, 124 (4th Cir.) ("Almendarez-

2

*Torres* remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary."), cert. denied, __ U.S.L.W. __ (Jan. 12, 2015) (No. 13-10640).

Second, Crudup asserts that the Government was obligated to conduct a "criminal history audit" prior to entering his guilty plea. Essentially, Crudup argues that his plea was not knowing and voluntary because he was unable to make an informed decision concerning his plea. We find that this claim fails for several reasons. First, the plea agreement clearly informed Crudup that he faced the possibility of a 180-month sentence as an armed career criminal. Second, there is no requirement that the Government conduct any such "audit" prior to entry of a guilty plea. And, as Crudup was informed in the plea agreement, the government may make a sentencing recommendation, but the court is not bound by any such recommendation or agreement by the parties. Moreover, because Crudup did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Fed. R. Crim. P. 11 error, this challenge is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). The transcript of Crudup's guilty plea hearing establishes that the district court fully complied with the requirements of Rule 11. Although the court at one point referenced "career offender," it correctly identified the

3

statutory mandatory minimum and maximum sentences under the Armed Career Criminal Act.

Finally, Crudup argues that the district court erred by counting certain prior convictions as separate offenses where they were consolidated for sentencing in the state court, relying on United States v. Davis, 720 F.3d 215 (4th Cir. 2013). In Davis, this court noted that "when a North Carolina court consolidates offenses for judgment, the outcome is a single judgment for which the length of the sentence is controlled by the maximum sentence for the most serious offense." Id. at 218. However, Davis' holding only applies to the career offender enhancement, not in the armed career criminal context.

Therefore, we affirm Crudup's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4