**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4275**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

TAYARI RAFIKI MITCHELL,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:11-cr-00174-CCE-1)

Submitted: January 30, 2017          Decided: February 9, 2017

Before AGEE and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2011, Tayari Rafiki Mitchell pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced him as an armed career criminal pursuant to 18 U.S.C. § 924(e), and as a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1. In 2012, Mitchell filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court granted Mitchell's motion after the Government conceded that Mitchell should be resentenced because he no longer qualified as an armed career criminal. However, on resentencing the court found that Mitchell still merited the career offender enhancement and imposed a prison sentence of 160 months. On appeal, Mitchell challenges the court's career offender determination.

We review de novo a district court's determination that a prior state conviction qualifies as a career offender predicate. United States v. Jones, 667 F.3d 477, 482 (4th Cir. 2012). A defendant is a career offender if (1) he was at least eighteen years old when the instant offense was committed, (2) the instant offense is a felony and is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions for crimes of violence or controlled

2

substance offenses. See U.S.S.G. § 4B1.1(a) (2015). The third requirement is satisfied where "(1) the defendant has previously sustained at least two felony convictions of either a crime of violence or a controlled substance offense; and (2) the sentences for at least two of the aforementioned felony convictions are counted separately." United States v. Davis, 720 F.3d 215, 217 (4th Cir. 2013) (internal quotation marks omitted); see U.S.S.G. § 4B1.2(c).

In his counseled brief, Mitchell concedes that one of his prior convictions — North Carolina felony assault with a deadly weapon with intent to kill inflicting serious injury — constitutes a career offender predicate, but disputes the district court's finding that his prior conviction for North Carolina felony possession with intent to sell and deliver ("PWISD") cocaine also qualifies as a predicate. Specifically, Mitchell contends that a sentence was never imposed for his PWISD cocaine conviction, and, therefore, it cannot be counted as a prior conviction for a controlled substance offense.

Mitchell's PWISD cocaine conviction was consolidated for judgment with several other convictions, the most serious of which was a conviction for cocaine trafficking that carried a

maximum penalty of 15 years' imprisonment.[1]  Because the maximum sentence for a PWISD cocaine conviction was 10 years, Mitchell asserts that his sentence of 12 years must have been imposed only as to the cocaine trafficking conviction.

In support of his argument, Mitchell seeks to expand the holding of United States v. Davis, in which we found that a consolidated sentence under the North Carolina Structured Sentencing Act results in a single sentence that may serve only as one sentence for purposes of determining whether a defendant is a career offender.  720 F.3d at 218-20.  Mitchell, however, was sentenced before the October 1, 1994 effective date of the Structured Sentencing Act's "consolidated sentence" provision, N.C. Gen. Stat. § 15A-1340.15.  At the time of Mitchell's state sentence, North Carolina defendants like Mitchell received separate sentences in offenses "consolidated for sentencing." Davis, 720 F.3d at 219.  Moreover, a sentence imposed on convictions consolidated for judgment was based not only on the maximum sentence for the most serious crime of conviction, but also on the presumptive sentences assigned to each of the convictions.  N.C. Gen. Stat. § 15A-1340.4(a) (1988).

---

[1]  Because the Government has conceded that the state conviction for cocaine trafficking is not a proper predicate offense, we do not consider this as a potential career offender predicate.

4

Therefore, we find Mitchell's reliance on <u>Davis</u> unavailing.[2] Further, his reference to N.C. Gen. Stat. § 15A-1340.4(a) (1988) does not rescue his argument.

As the district court noted, it appears from the face of the judgment that the state sentence was imposed as to all convictions listed therein. Specifically, the state judgment states that the court "Orders the above offenses be consolidated for judgment and the defendant be imprisoned for a term of Twelve (12) Years." None of the arguments advanced by Mitchell renders this judgment any less clear. In addition, there is no doubt that this sentence was counted separately from the sentence resulting from Mitchell's other qualifying prior conviction. See U.S.S.G. § 4B1.2(c).

Accordingly, we affirm Mitchell's judgment and deny his request to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are

---

[2] We also note that, were <u>Davis</u> applicable to Mitchell's case, it would not save his claim. <u>Davis</u> states that "where a defendant receives a 'consolidated sentence' (or 'consolidated judgment') under North Carolina law, it is one sentence and absent another qualifying sentence, the enhancement is inapplicable." 720 F.3d at 219. Here, the district court counted Mitchell's sentence for PWISD cocaine, which was consolidated for judgment with his cocaine trafficking conviction, as a single prior sentence, consistent with <u>Davis</u>.

5

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED