**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4731**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXANDER JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:17-cr-00022-D-1)

Submitted:  June 27, 2018                          Decided:  July 18, 2018

Before KING, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dhamian Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Jones appeals his convictions and the sentence imposed after he pled guilty pursuant to a plea agreement to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012); and possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2012). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal. Counsel nonetheless raises as possible issues for review the propriety of Jones' designation as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (2012) (ACCA), and whether the selected sentence is otherwise reasonable. Jones has filed a pro se supplemental brief, also arguing that his ACCA enhancement was improper. The Government declined to file a response brief. Finding no error, we affirm.

We review Jones' sentence for reasonableness, applying an abuse of discretion standard, *see Gall v. United States*, 552 U.S. 38, 46 (2007), and review unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *See Gall*, 552 U.S. at 51. Thus, we must first assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *See Gall*, 552 U.S. at 49-51; *Lynn*, 592 F.3d at 575-76. If no procedural error is found, we

may then review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" *United States v. Mendoza–Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable[,]" *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014), and "[t]hat presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors[,]" *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

Jones' Guidelines range, including his armed career criminal designation—which was premised on Jones' prior convictions for serious drug offenses—was correctly calculated. We reject Jones' argument that our decision in *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), requires that we vacate his ACCA-enhanced sentence. Jones' 1990 North Carolina conviction for possession with intent to sell cocaine, for which he was sentenced to 10 years in custody, qualifies as an ACCA predicate conviction. *See id.* at 464 (vacating ACCA-enhanced sentence where the predicate conviction's judgment established only that the defendant faced the presumptive term, but acknowledging that "where a defendant actually receives a ten-year sentence, clearly that offense is punishable by ten years for the purposes of the ACCA").

In addition, Jones' 1999 North Carolina convictions for possession with intent to sell and deliver cocaine and conspiracy to sell or deliver cocaine, for which he was sentenced to 116 to 149 months in prison, also qualify as an ACCA predicate. Because the two charges were consolidated for judgment with another offense, the North Carolina court was required to impose a sentence "specified for the class of offense and prior

3

record level of the most serious offense[.]" *United States v. Davis*, 720 F.3d 215, 218 (4th Cir. 2013) (citing N.C. Gen. Stat. § 15A-1340.15(b) (2001)). Jones' 1999 convictions were consolidated for sentencing with an habitual felon charge, which is in the nature of a criminal history enhancement, and the consolidated offenses resulted in a Class C felony classification under North Carolina law, which allowed the state court to sentence Jones to a 149-month maximum sentence. *See* N.C. Gen. Stat. § 15A-1340.17(c), (e) (2001). Because Jones was actually sentenced to a term of imprisonment exceeding ten years, the maximum term of imprisonment for ACCA purposes was at least ten years. *See Newbold*, 791 F.3d at 464. We thus discern no error in the district court's decision to enhance Jones' Guidelines range under the ACCA.

After hearing the parties' arguments and allowing Jones to allocute at sentencing, the district court thoroughly addressed the parties' arguments and explained the selected sentence in terms of the § 3553(a) factors it deemed relevant, including the nature and circumstances of Jones' offenses and his history and characteristics. Moreover, counsel correctly concedes that Jones' sentence is presumptively substantively reasonable, and nothing in the record rebuts this presumption. We thus conclude that Jones' sentence is reasonable.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

4

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*