# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2156

_____

United States of America

*Plaintiff - Appellee*

v.

Ethan Dion Turner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri

_____

Submitted: April 19, 2019
Filed: August 26, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ethan Dion Turner pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. At sentencing, the district

court[1] determined that Turner's base offense level was 30 and his criminal history score was eleven, which placed him in criminal history Category V. The Guidelines recommended between 151 and 188 months in prison. On appeal, Turner challenges his 151 month sentence. We affirm.

Turner argues that his sentence is procedurally and substantively flawed. The procedural error allegedly occurred when the court counted some of his prior sentences separately rather than as a single sentence. He also contends that his sentence is substantively unreasonable because the court failed to adequately consider mitigating factors and failed to sufficiently address the § 3553(a) factors.

We analyze a sentence in two steps: first we ensure there is no significant procedural error and then, in the absence of such error, we assess its substantive reasonableness. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Procedural error occurs when a court improperly calculates the Guidelines' range. Id. "In reviewing a sentence for procedural errors, we review a district court's interpretation of the Guidelines *de novo* and its factual findings for clear error." United States v. Zeaiter, 891 F.3d 1114, 1121 (8th Cir. 2018).

If there are no procedural errors, "we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Feemster, 572 F.3d at 461 (citation omitted). An abuse of discretion occurs when a district court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (cleaned up). Though a district court must make clear that it actually considered the § 3553(a) factors, it need not "provide a mechanical

---

[1] The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

recitation of [them]." Id. Finally, when a sentence is within the Guidelines' range, we presume it is reasonable. Id.

Turner first argues the district court committed procedural error when it determined that his September 29, 2008 sentences were separate sentences. According to Turner this error led the court to assign him eleven criminal history points rather than seven, increasing his criminal history from Category IV to Category V. Turner was sentenced for myriad state charges stemming from three separate arrests on February 15, 2007; October 4, 2007; and July 3, 2008. Because all of those arrests and charges were resolved simultaneously and because the judge issued uniform suspended sentences, Turner argues that the district court misapplied USSG § 4A1.2(a)(2). We disagree. Under the Guidelines, when there is an intervening arrest, prior sentences are counted separately. United States v. Waits, 919 F.3d 1090, 1096 (8th Cir. 2019); see also U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense.")). Turner concedes that those convictions arose from arrests on three separate occasions for different crimes.

Turner's contention that we should follow United States v. Davis, 720 F.3d 215 (4th Cir. 2013), has no merit. In Davis, the Fourth Circuit observed that "[a]s permitted under North Carolina Law, [the] Appellant . . . received one consolidated sentence for multiple violations of state law." Id. at 216. Due to the operation of state law, the Appellant's consolidated sentence counted as a single sentence under the USSG. Id. at 218–19. North Carolina's law regarding consolidated sentences has no bearing here, where separate sentences for separate crimes are handed down in a single proceeding. The Fourth Circuit itself noted this distinction. Id. at 219 (stating that the relevant distinction between Davis and a prior defendant was that the prior defendant "received two separate sentences for his two prior offenses, notwithstanding the fact that the offenses were consolidated for sentencing.").

Second, Turner asserts that his sentence is substantively unreasonable. This argument takes two forms: (i) the district court overlooked mitigation evidence, and (ii) it failed to sufficiently address the § 3553 factors. We disagree. At sentencing, the court stated that it reviewed the presentence investigation report, Turner's sentencing memorandum, his motion for a downward variance, and that it also considered arguments by the Government and defense counsel, Turner's statements, and other evidence submitted to the court on Turner's behalf. The court noted Turner's mitigating evidence and mental health history. It then informed Turner: "your lawyer put you in the best position she possibly could in this courtroom, but you have so much other stuff going on that it was difficult for me to see it her way and give you a sentence below the guideline range." Sentencing Tr. 19:11–16. It is clear that the court considered Turner's mitigating factors and appropriately weighed them along with other factors. It is not an abuse of discretion for a court to "give some factors less weight than a defendant prefers or more weight to other factors." United States v. Townsend, 617 F.3d 991, 994 (8th Cir. 2010) (citation omitted).

Turner finally claims that the court failed to sufficiently address the § 3553(a) factors. Although "a district court is required to consider each of the [] factors in determining the proper sentence to impose, it need not categorically rehearse each [factor] on the record when it imposes a sentence as long as it is clear that they were considered." Id. at 994 (citation omitted). The record shows that the court sentenced Turner "in light of . . . the provisions of 18 [] U.S.C. Section 3553(a)." Sentencing Tr. 15:17–20. As discussed above, the court recounted the evidence it reviewed in making its determination, and then addressed Turner's involvement in the conspiracy to distribute methamphetamine, his level of culpability, his criminal history, his mitigating evidence, and mental health record. There was no error.

The sentence is affirmed.

_____