**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4608

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RANDOLPH HARRIS AUSTIN, a/k/a Randolph Harris, a/k/a
Matarbus Raynard Fewell,

            Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:05-cr-00213-RJC-DCK-1)

Submitted: October 15, 2009        Decided: October 19, 2009

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, TISDALE & CLIFTON, P.A., Winston-
Salem, North Carolina, for Appellant.  Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randolph Harris Austin was convicted by a jury of conspiracy to possess with intent to deliver cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(B)(1)(A), 846 (2006) (Count One), and attempt to possess with intent to deliver cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006) (Count Two). The district court sentenced Austin as a career offender to life imprisonment on Count One, and 360 months' imprisonment on Count Two, to run concurrently with Count One. Austin's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming the district court erred in allowing Agent Terry Tadeo to testify as both a fact witness and as an expert witness, but concluding that there are no meritorious issues for appeal. Austin has raised a number of additional issues in his supplemental pro se brief, including the sufficiency of the evidence, prosecutorial misconduct, judicial error in the admission of evidence of flight and in the denial of Austin's motion for a new trial, and ineffective assistance of counsel. Finding no reversible error, we affirm.

By counsel and pro se, Austin claims error in the district court's allowing Agent Tadeo to testify both as a fact witness and as an expert witness. Specifically, Agent Tadeo testified at the beginning of the trial with regard to his personal observations and the electronic monitoring of a

2

transaction whereby an undercover police officer undertook to "sell" nine ounces of "sham" cocaine to Austin. Agent Tadeo also was qualified and testified at the conclusion of the Government's case as an expert witness as to drug amounts, which Austin objected to pursuant to Fed. R. Evid. 403, and which he asserts on appeal confused the jury and bolstered the testimony of Austin's co-conspirator, Jerry Starr.

We review the district court's decision to admit expert testimony under Fed. R. Evid. 702 for an abuse of discretion. United States v. Wilson, 484 F.3d 267, 273 (4th Cir. 2007). Austin has not demonstrated how Agent Tadeo's dual role confused the jury, and his conclusory claims in support of his position are insufficient. Nor did he request a cautionary jury instruction, and we find no plain error in the failure of the district court to give one. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

We have reviewed the additional issues raised by Austin pro se and find them to be without merit.[*] In accordance with Anders, we have reviewed the record in this case and have

---

[*] Austin's pro se claim of ineffective assistance of counsel is not cognizable on direct appeal unless such ineffectiveness appears conclusively on the face of the record, which it does not. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

found no meritorious issues for appeal.  We therefore affirm Austin's conviction and sentence.

This court requires that counsel inform Austin, in writing, of the right to petition the Supreme Court of the United States for further review.  If Austin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Austin.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4