**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4439**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

RANDOLPH HARRIS AUSTIN, a/k/a Randolph Harris, a/k/a
Matarbus Raynard Fewell,

               Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Robert J. Conrad,
Jr., District Judge.  (3:05-cr-00213-RJC-DCK-1)

Submitted:  December 22, 2014      Decided:  January 6, 2015

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Executive Director, Ann L. Hester, FEDERAL
DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North
Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2006, a jury convicted Randolph Harris Austin of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five hundred grams or more of cocaine, 21 U.S.C. §§ 841(b)(1)(A), 846 (2012) (Count One), and attempt to possess with intent to distribute cocaine, 18 U.S.C. § 2 (2012), 21 U.S.C. § 841(a) (2012) (Count Two). The Government filed an information pursuant to 21 U.S.C. § 851 (2012) based on Austin's prior North Carolina drug convictions. He was sentenced as a career offender to life imprisonment on Count One, and 360 months' imprisonment on Count Two, to run concurrently. This court affirmed on appeal. United States v. Austin, 347 F. App'x 945 (4th Cir. 2009).

In 2011, Austin moved to vacate his sentence pursuant to 28 U.S.C. § 2255 (2012), arguing *inter alia* that he was improperly sentenced in light of our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because he did not have the requisite qualifying prior convictions to trigger a mandatory life sentence or the career offender designation. The district court granted the motion with regard to the Simmons issue and ordered resentencing.

At resentencing, the district court concluded that Austin did not qualify for the enhanced sentence under § 851 or the career offender designation. The court further sustained

2

Austin's objections to three criminal history points, as calculated in the original PSR, assigned to convictions that were consolidated for sentencing. See United States v. Davis, 720 F.3d 215 (4th Cir. 2013) (holding that "consolidated sentence" or "consolidated judgment" under North Carolina law is single sentence for Guidelines purposes). The district court calculated a revised Guidelines range of 110 to 137 months in prison based on a total offense level of twenty-six and a criminal history of twelve points, category V. The district court ultimately denied Austin's motion for a downward variance. The court noted Austin's significant criminal history and, after expressly considering the various 18 U.S.C. § 3553(a) (2012) factors and providing an individualized assessment, sentenced Austin within the Guidelines range to 132 months in prison.

On appeal, Austin's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in calculating Austin's criminal history points. Although informed of his right to do so, Austin has not filed a pro se supplemental brief. The Government declined to file a response.

We review Austin's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails

3

appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. Id. at 49-51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014), cert. denied, 135 S. Ct. 421 (2014); United States v. Susi, 674 F.3d 278, 289-90 (4th Cir. 2012). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Louthian, 756 F.3d at 306.

Because Austin did not object to the disputed criminal history points, our review is limited to plain error. United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012). To establish plain error, a defendant must show that "(1) there is an error, (2) the error is plain, and (3) the error affects

4

substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and alteration omitted).

Austin's counsel argues that, while the district court properly removed at resentencing criminal history points for three North Carolina prior convictions that were consolidated at sentencing, it overlooked other consolidated convictions that were also counted in violation of Davis. Specifically, he directs our attention to Austin's March 25, 1997 conviction for driving with a revoked license which was consolidated with another conviction at sentencing and therefore improperly assessed a criminal history point. The second group consisted of May 25, 2004 convictions for driving with a revoked license, assault on a female, and resisting an officer, which were consolidated with another conviction for driving with a revoked license. This second group was assessed a total of four points when, under Davis, it should have received only one.

We agree that these four points were improperly included in Austin's revised criminal history calculation. While this constitutes error, we conclude that Austin cannot demonstrate the error affected his substantial rights, which entails showing that the error actually affected the outcome of the proceedings, i.e., that his "sentence was longer than that to which he would otherwise be subject." United States v.

5

<u>Angle</u>, 254 F.3d 514, 518 (4th Cir. 2001).  Austin has not established that, due to the <u>Davis</u> error, his Guidelines range would have been lower had the consolidated sentences been counted as single sentences.

In the original PSR, the probation officer calculated a total of eighteen criminal history points.  This in fact was the result of an arithmetical mistake, as the points totaled twenty-three.  While the district court at resentencing reduced the overall criminal history points, it started with the incorrectly calculated base of eighteen points as reported in the original PSR.  The original miscalculation benefitted Austin with a five-point reduction.  Hence, the four-point <u>Davis</u> error raised on appeal is insufficient to affect Austin's substantial rights.  Austin would have a total of thirteen criminal history points but for the court's addition in his favor.  Based on a correctly calculated criminal history score of thirteen points and an offense level of twenty-six, Austin's Guidelines range would have been 120 to 150 months in prison.  <u>U.S. Sentencing Guidelines Manual</u>, ch. 5, pt. A (2013).  Because this miscalculation caused the court to apply a lower Guidelines

6

range than was warranted, Austin cannot show the error affected his substantial rights.[*]

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the amended judgment. This court requires that counsel inform Austin, in writing, of the right to petition the Supreme Court of the United States for further review. If Austin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Austin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] <u>See</u> <u>Greenlaw v. United States</u>, 554 U.S. 237, 243-49 (2008) (holding that, in the absence of a Government cross-appeal, an appellate court may not sua sponte correct a district court error if the correction would be to the defendant's detriment).